O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ROBERT DARRELL JOHNSON,

Petitioner,

v.

WARDEN,

Respondent.

Case No. 5:22-cv-00099-AB-KES

ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE

**I.**

**BACKGROUND**

On January 1, 2022, Robert Darrell Johnson ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). Petitioner challenges his 2013 conviction for murder and resulting sentence of 25 years to life without the possibility of parole. Petitioner was found not guilty by reason of insanity and committed to Patton State Hospital for restoration of his sanity. (Dkt. 1); see People v. Johnson, No. E071648, Cal. App. Unpub. LEXIS 7591 (Dec. 4, 2020).

On January 20, 2022, the Court issued an Order to Show Cause ("January OSC") why the Petition should not be dismissed without prejudice for failure to

1

1   exhaust by presenting a habeas petition in state court.  (Dkt. 4.)  The January OSC

2   noted that Petitioner admits in his Petition that none of his claims were raised on

3   direct appeal to the California Court of Appeal or in a habeas petition to the

4   California Supreme Court, nor did Petitioner file any habeas petitions in any state

5   court with respect to his murder conviction and confinement order.  (Id. at 5.)

6   Additionally, the January OSC discussed the impropriety of Petitioner seeking to

7   recover monetary damages in the Petition based on his treatment by deputies at the

8   West Valley Detention center.  Thus, the Court ordered that, on or before February

9   21, 2022, Petitioner show cause why the Petition should not be dismissed without

10   prejudice as unexhausted.  (Id. at 5-6.)

11          Petitioner was ordered either to (1) explain when and how he believed any or

12   all of the claims in the Petition were exhausted in the state courts; (2) file a notice

13   of voluntary dismissal of the Petition; or (3) file a motion to stay the action while he

14   attempted to exhaust his claims in state court.  (Id. at 8.)  Petitioner did not respond

15   to the January OSC.  However, the Court did not expressly tell Petitioner that his

16   failure to respond to the January OSC could result in dismissal of his habeas

17   petition.

18          Then, on March 17, 2022, the Court issued another Order to Show Cause

19   ("March OSC") why the action should not be dismissed for failure to

20   prosecute/obey court orders.  (Dkt. 5.)  The March OSC ordered Petitioner again

21   either to (1) explain when and how he believed any or all of the claims in the

22   Petition were exhausted in the state courts; (2) file a notice of voluntary dismissal

23   of the Petition; or (3) file a motion to stay the action while he attempted to exhaust

24   his claims in state court.  (Id.)  This time, however, the Court stated: "**If Plaintiff**

25   **fails to respond to this Order to Show Cause, the Court may dismiss this action**

26   **for lack of prosecution and/or failure to follow the Court's orders.**"  (Id.,

27   emphasis original).  As of the date of this order, Petitioner has failed to respond to

28   the March 17 OSC or take any action in this matter.

2

1    **II.**

2    **DISCUSSION**

3        A district court may dismiss an action for failure to prosecute, failure to

4    follow court orders, or failure to comply with the federal or local rules.  See Fed.

5    R. Civ. P. 41(b); <u>Link v. Wabash R. Co.</u>, 370 U.S. 626, 629-30 (1962); <u>Ghazali v.</u>

6    <u>Moran</u>, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).

7        In determining whether to dismiss a case for failure to prosecute or failure to

8    comply with court orders, the Ninth Circuit has instructed district courts to consider

9    the following five factors: (1) the public's interest in expeditious resolution of

10   litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

11   defendants; (4) the availability of less drastic sanctions; and (5) the public policy

12   favoring disposition of cases on their merits.  <u>In re Phenylpropanolamine (PPA)</u>

13   <u>Prods. Liab. Litig.</u>, 460 F.3d 1217, 1226 (9th Cir. 2006).

14   **A.    Factors that Support Dismissal.**

15       **1.    The Public's Interest in Expeditious Resolution of Litigation.**

16       "The public's interest in expeditious resolution of litigation always favors

17   dismissal." <u>Pagtalunan,</u> 291 F.3d at 642 (9th Cir. 2002).  Nearly two weeks have

18   passed since the Court's second OSC why the Petition should not be dismissed as

19   unexhausted.  Yet Petitioner has failed to make any effort to show cause or to

20   inform the Court of any intention to do so.  This factor thus weighs in favor of

21   dismissal.

22       **2.    The Court's Need to Manage Its Docket.**

23       The second factor weighs in favor of dismissal.  Courts have "the power to

24   manage their dockets without being subject to the endless vexatious noncompliance

25   of litigants." <u>See</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1261 (9th Cir. 1992).  Thus,

26   the second factor focuses on whether a particular case has "consumed … time that

27   could have been devoted to other cases on the [court's] docket." <u>See</u> <u>Pagtalunan</u>,

28   291 F.3d at 642; <u>Edwards v. Marin Park, Inc.</u>, 356 F.3d 1058, 1065 (9th Cir.

1   2004)("[R]esources continue to be consumed by a case sitting idly on the court's

2   docket.").

3        Petitioner's inaction hinders the Court's ability to move this case toward

4   disposition and indicates that he does not intend to litigate this action diligently.

5   The Court has expended its finite resources providing Petitioner with two

6   opportunities to show cause why the Petition should not be dismissed.  As a result,

7   this case has consumed time that could have been devoted to other cases on the

8   Court's docket.  The Court cannot continue to spend valuable resources attempting

9   to move forward a case that Petitioner does not wish to expeditiously pursue.  Thus,

10  the Court's need to manage its docket favors dismissal.

11       **3.     The Risk of Prejudice to Respondent.**

12       The third factor also favors dismissal.  A rebuttable presumption of prejudice

13  to the respondent arises when a petitioner unreasonably delays prosecution of an

14  action,  In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994), and unnecessary delay

15  "inherently increases the risk that witnesses' memories will fade and evidence will

16  become stale."  Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002).  Nothing

17  suggests that such a presumption is unwarranted in this case.

18       **4.     Availability of Less Drastic Alternatives**

19       A "district court need not exhaust every sanction short of dismissal before

20  finally dismissing a case, but must explore possible and meaningful alternatives."

21  Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986). Less drastic

22  alternatives to dismissal include warning a party that dismissal could result from

23  failure to obey a court order.  See Malone v. U.S. Postal Serv., 833 F.2d 128, 132,

24  n.1 (9th Cir. 1987); Ferdik, 963 F.2d at 1262 ("[A] district court's warning to a

25  party that his [or her] failure to obey the court's order will result in dismissal can

26  satisfy the 'consideration of alternatives' requirement.") (citations omitted).

27       The Court has considered and implemented less drastic alternatives prior to

28  dismissal.  The January and March OSCs explicitly ordered Petitioner to explain

1  why the Petition should not be dismissed as unexhausted, or otherwise dismiss the

2  Petition or stay the action.  The Court explained in bold, underlined text to

3  Petitioner that his failure to respond to the March OSC could result in dismissal of

4  his habeas petition.  Thus, Petitioner was well aware that her failure to do so would

5  result in the dismissal of the action.  Any less drastic alternatives to dismissal

6  would be inadequate to remedy Petitioner's failure to obey Court orders and to

7  prosecute his case.

8          **5.      Public Policy Favoring Disposition on the Merits**

9  The fifth factor ordinarily weighs against dismissal.  See Dreith v. Nu Image, Inc.,

10  648 F.3d 779, 788 (9th Cir. 2011). "At the same time, a case that is stalled or

11  unreasonably delayed by a party's failure to comply with deadlines … cannot move

12  forward towards a resolution on the merits."  In re Phenylpropanolamine (PPA)

13  Prod. Liab. Litig., 460 F.3d at 1228. Accordingly, "this factor 'lends little support'

14  to a party [such as Respondent,] whose responsibility it is to move a case toward

15  disposition on the merits but whose conduct impedes progress in that direction."

16  Id.; see also Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991)

17  ("Although there is indeed a policy favoring disposition on the merits, it is the

18  responsibility of the moving party to move towards that disposition at a reasonable

19  pace, and to refrain from dilatory and evasive tactics.")  Further, the effect of this

20  factor is somewhat mitigated by the fact that some or all of the claims in the

21  Petition appear to be subject to dismissal, for the reasons discussed in the January

22  and March OSCs.

23  **B.     Conclusion.**

24          Given that the enumerated factors largely support dismissal, this action

25  should be dismissed pursuant to Rule 41(b) and Local Rule 41-1 without prejudice.

26  Considering all of the circumstances, the action shall be dismissed in its entirety

27  without prejudice.  See Fed. R. Civ. P. 41(b) ("[u]nless the dismissal order states

28  otherwise," a dismissal pursuant to Federal Rule of Civil Procedure 41(b) operates

1    as an adjudication on the merits absent exceptions that are not relevant here); Local

2    Rule 41-2 ("[u]nless the Court provides otherwise, any dismissal pursuant to [Local

3    Rule] 41-1 shall be without prejudice"); <u>Al-Torki v. Kaempen</u>, 78 F.3d 1381, 1385

4    (9th Cir. 1996).

5                                        **IV.**

6                         **CONCLUSION**

7         IT IS THEREFORE ORDERED that Judgment shall be entered dismissing

8    the First Amended Petition and this action without prejudice for failure to

9    prosecute.

10

11    DATED: June 08, 2022         _____

12                              ANDRE BIROTTE JR.
                              UNITED STATES DISTRICT JUDGE

13

14    Presented by:

15    _____

16    KAREN E. SCOTT

17    UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28